## Oscar Hagestrom, a Minor, by Hulda Hagestrom, His Next Friend, v. West Chicago Street Railway Company.

1. RAILROAD COMPANIES—*Injuries Received by Trespassers.*—Before a recovery can be had by a trespasser upon a street railway car, for personal injuries received at the hands of a servant of the company, he must show the acts causing such injury were willfully and wantonly inflicted.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for defendant. · Appeal by plaintiff. Heard in this court at the March term, 1898. Affirmed. Opinion filed October 27, 1898.

A. B. CHILCOAT and W. P. BLACK, attorneys for appellant.

ALEXANDER SULLIVAN, attorney for appellee; EDWARD J. McARDLE, of counsel.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellant, a minor, aged twelve years on December 19, 1893, was injured on that day by one of appellee's cars, drawn by horses, going north on Leavitt street, near Twenty-second street, Chicago. A trial before the court and a jury, which appears to have been fully instructed with reasonable accuracy, resulted in a verdict and judgment for appellee, from which appellant has prosecuted an appeal.

Hagestrom v. West Chicago St. Ry. Co.

It is charged in the declaration, in substance, that appellant "was on the step of the rear platform of one" of appellee's cars, which was going southward, "or was running along by and with one" of appellee's cars, holding on to the rear end thereof, and that defendant's servant negligently, maliciously and wantonly attempted to assault appellant, and struck at his face and spit upon and frightened appellant to such a degree that he was caused to jump, and did jump from said rear step, or to let go his hold on the car just in front of a street car of appellee then going north, whereby appellant was knocked down by the horses drawing the north-bound car, and was run upon by the car and injured. No negligence in the operation of the north-bound car is charged.

The evidence shows that appellant was at no time on the step of the car, or that he was running along by and with the car, but that he jumped on the pipe which runs across the car at the rear of the dashboard, and was there riding, without any intention of becoming a passenger or paying his fare, when the alleged attempted assault upon him was made by appellee's conductor. We are therefore inclined to the view that appellant wholly failed to prove the allegations in his declaration in regard to his position in relation to the car at the time of his injury, and that the trial court, had it been requested, would have been justified in directing a verdict for appellee. The failure of proof in this regard, we are of opinion justified a verdict for appellee, as the allegations and proof must agree.

But if we are in error in this respect, still there was a conflict in the evidence as to whether an attempted assault was made upon appellant by the conductor. There are a greater number of witnesses for appellant on this point than for appellee, but the jury were properly instructed, at request of appellant, as to preponderance of evidence and the way to arrive at it, and how to determine the credibility of witnesses, and we are not prepared, after a careful scrutiny of the evidence in the light of counsel's arguments, to say that the verdict is against its clear preponderance. This being so, we should not disturb it.

Complaint is made that Dr. Tucker, a witness for appellee on this trial, who had been called as a witness for appellant on a former trial, was allowed, against appellant's objection on redirect examination, to testify that on the former trial he testified for appellant and to the same state of facts that he did on this trial.

We think it was error for the court to allow the witness to state what his testimony on the former trial was, but we are unable to perceive how appellant was prejudiced by this ruling, in view of the further fact that the witness was rigidly cross-examined as to alleged previous statements by him claimed to be favorable to appellant, and also because his evidence did not bear on the alleged attempted assault, which, as appellant claims, was the one material issue of fact in the case. He said he didn't see appellant until he was away from the car and running in front of the northbound car.

Refused instruction 4, asked by appellant was, in our opinion, even if conceded to be correct, substantially covered by instructions 3, 5 and 6, given for appellant.

Appellant's refused instruction 13 was, viz.:

" The court instructs the jury, that where one is, by the negligence or misconduct of another, placed in a position of such apparent danger as to cause, by fright or otherwise, a loss of self-possession, or is placed in a position of compulsion, and without reasonable opportunity for reflection, then the party so guilty of such negligence or misconduct can not complain that the other party has not exercised cool presence of mind, and has by consequence thereof placed himself in a position of increased danger and thereby been injured, but in such case the party guilty of such negligence or misconduct will be liable for such injuries so resulting. And in this case, if the jury believe from the preponderance of the evidence that the conductor suddenly spit and struck at the plaintiff, and that by reason of such conduct, through fright or otherwise, plaintiff sprang from the car and without reasonable opportunity for reflection, staggered or ran against the horse of the approaching car, and was

thereby knocked down and injured, then plaintiff would be entitled to recover in this action." ·

This instruction, if correct in other respects, which we are inclined to think is very doubtful, was properly refused, because it in effect tells the jury that certain facts, if established, entitle appellant to a recovery. In other words, that these facts constitute negligence. This the court should not do in a case like this, but leave the jury to determine whether the enumerated facts establish negligence. I. C. R. R. Co. v. Slater, 139 Ill. 199; Village of Clayton v. Brooks, 150 Ill. 105, and cases cited.

The judgment is affirmed.